UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VINCENT CANNADY,

    *Plaintiff*,

v.

STATE OF MISSOURI, et al.,

    *Defendants*.

Civil Action No. 1:20-cv-00205 (CJN)

**MEMORANDUM OPINION**

Plaintiff Vincent Cannady, acting *pro se*, brought this action against the State of Missouri, the Missouri Attorney General's Office, Bates County, Missouri, and Lynn Ewing, III, an assistant prosecutor in Bates County. *See generally* Compl., ECF No. 1. The Complaint alleges unspecified violations of the Fourth, Fifth, and Sixth Amendments to the U.S. Constitution; the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; Titles V and VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1975–1975d, 2000e–2000e-17; and Title 38 of the United States Code, which governs the provision of veterans' benefits. Compl. ¶ II.A. From the materials attached to the Complaint, the claims seem to arise out of Cannady's employment with Missouri's Department of Natural Resources under a veterans' employment program and his subsequent termination. *See* Pl.'s Ex. at 14, ECF No. 1-2.

Cannady filed his Complaint on January 24, 2020 and is responsible for serving Defendants with summonses and copies of the Complaint. Fed. R. Civ. P. 4(c). The record does not reflect proof of service. The ninety-day period having run, the Court would ordinarily order Plaintiff to show good cause why he has not served process on Defendants and why the case should not be dismissed for failure to prosecute. *Id.* 4(m); Local Civil Rule of Procedure 83.23.

1

But the Complaint suffers from more fundamental flaws.  By his own admission, Cannady is actively prosecuting the same claims, arising out of the same nexus of operative facts, in the Federal District Court for the Western District of Missouri.  He attached copies of his proposed Amended Complaints from that consolidated case to the Complaint he filed in this Court.  *See e.g.*, Pl.'s Ex. at 4–20 (attaching copy of Proposed Amended Complaint, *Cannady v. State of Missouri*, No. 2:19-cv-040001-BCW (W.D. Mo. Sep. 18, 2019), ECF No. 79-1).  He even attached a copy of that Court's Order on his Motion for Leave to Amend.  *See id*. at 38–43 (attaching copy of Order, *Cannady v. State of Missouri*, No. 2:19-cv-04001-BCW (W.D. Mo. Jan. 15, 2020), ECF No. 104).  From these documents, it appears that Judge Wimes denied Cannady leave to amend his Complaint as to the same Defendants in this case because the State of Missouri and its officials (sued in their official capacity) are immune from suits for money damages.  *See id.* at 41–42 (citing *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007); *Andrus ex rel Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999)).  The Court takes notice of the fact that Judge Wimes later granted those Defendants' Motions to Dismiss on the same grounds.  *See* Order, *Cannady v. State of Missouri*, No. 2:19-cv-04001-BCW (W.D. Mo. Mar. 30, 2020), ECF No. 142 (dismissing State of Missouri and other State Defendants, as well as Bates County, for failure to state a claim and on sovereign immunity grounds), *appeal dismissed*, No. 20-1693 (8th Cir. Apr. 7, 2020), ECF No. 4899965, *petition for reh'g docketed*, No. 20-1693 (8th Cir. Apr. 21, 2020), ECF No. 4905123.

It therefore appears that Cannady's claims here are an attempt to make an end-run around adverse rulings by another federal district court.  Cannady's Complaint states that he seeks

> [$]9,999,999 [in damages] because the Defendant[s] ha[ve] violated the Plaintiff's rights in Education, Employment, Business, and Criminal. (sic)  Bates County and the Prosecutors Office refuse to have Discovery.  The Western District of US District Court (sic) has

2

> STAYED Discovery, DENIED Amending Complaint, not ruled on ADA Motions and Judge Admits to admiring Defendants Attorneys for their honesty. Plaintiff is not getting fair treatment in Missouri Courts.

Compl. ¶ II.B.3. "[I]t is well[ ]established in the D.C Circuit that '[w]here two cases between the same parties on the same cause of action are commenced in two different federal courts, the one which is commenced first is to be allowed to proceed to its conclusion first.'" *Poku v. FDIC*, 752 F. Supp. 3d 23, 28 (D.D.C. 2010) (quoting *WMATA v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980)). Because Cannady sued here only after he was denied leave to amend in Missouri, there is no reason for the Court to retain jurisdiction over this case.

It does not appear that either the Missouri Attorney General's Office or Lynn Ewing, III were defendants in the Missouri case. *See* Pl.'s Ex. at 5 (attempting to add Attorney General's Office as defendant and omitting Ewing entirely). But even if the Court did not dismiss them on comity grounds as necessary parties to parallel litigation, it is highly unlikely that this Court would have personal jurisdiction as to either Defendant. "[T]he D.C. Circuit has held that that District of Columbia's long-arm statute does not apply to states [or their agencies] themselves." *Trump v. Comm. on Ways & Means, U.S. House of Reps.*, 415 F. Supp. 3d 98, 106 (D.D.C. 2019) (citing *United States v. Ferrara*, 54 F.3d 825, 831–32 (D.C. Cir. 1995)). Ewing is likewise immune from a suit for money damages when sued in his official capacity as a prosecutor. *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006). Even if Cannady were seeking some sort of injunctive relief rather than money damages alone, his Complaint does not allege (and likely cannot allege) that Ewing has any ties to the District of Columbia that would subject him to this Court's personal jurisdiction under the D.C. Long-Arm Statute, D.C. Code § 13-423. *See Trump*, 415 F. Supp. 3d at 106–10 (dismissing state officials sued for injunctive relief in their official capacities for lack of personal jurisdiction).

This Court will not hear claims that have already been resolved in another federal district court (and dismissed on appeal) against Defendants who likely are immune from suit and over whom the Court likely lacks personal jurisdiction.  Accordingly, it is

**ORDERED** that the Complaint is **DISMISSED**.  An Order will be issued contemporaneously with this Memorandum Opinion.

DATE:  April 24, 2020

CARL J. NICHOLS
United States District Judge